UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**RODNEY WASHINGTON (#298775)**

**VERSUS**

**JAMES M. LEBLANC, ET AL.**

**CIVIL ACTION**

**NO. 15-269-JJB-RLB**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on October 1, 2015.

_____
RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**RODNEY WASHINGTON (#298775)**

**VERSUS**

**JAMES M. LEBLANC, ET AL.**

CIVIL ACTION

NO. 15-269-JJB-RLB

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The *pro se* plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against Secretary James M. Leblanc, Warden N. Burl Cain, Legal Programs Director Trish Foster, Classification Officer Mary Anthony, Lt. Jacqueline Darby, and Major Joseph Hooker, complaining that his constitutional rights were violated. The plaintiff alleges that his due process rights were violated in connection with a disciplinary proceeding, and that his right to bodily privacy was violated by a female guard. He prays for compensatory and punitive damages, together with prospective injunctive relief.

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action or claim brought by a prisoner who is proceeding *in forma pauperis* or is asserting a claim against a governmental entity or an officer or employee of a governmental entity if satisfied that the action or claim is frivolous, malicious or fails to state a claim upon which relief may be granted. An action or claim is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992), *citing Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hicks v. Garner*, 69 F.3d 22, 24-25 (5th Cir. 1995). A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Id*. at 32-33. A claim has no

arguable basis in law if it is based upon an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998).  The law accords judges not only the authority to dismiss a claim which is based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations.  *Denton v. Hernandez*, *supra*, 504 U.S. at 32.  Pleaded facts which are merely improbable or strange, however, are not frivolous for purposes of § 1915.  *Id*. at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992).  A § 1915 dismissal may be made at any time, before or after service of process and before or after an answer is filed.  *See Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

  The plaintiff alleges that his right to bodily privacy was violated when Lt. Jacqueline Darby purposefully viewed his naked body while he was in the shower for purposes of humiliation, retaliation, and punishment for asserting his right to perform his "bodily functions." He further alleges that Darby then had him placed in administrative segregation on December 23, 2014 for infraction of Rule 21(E), Obscenity.  According to the disciplinary report authored by defendant Darby (R. Doc. 1, pg. 11), she observed the plaintiff peaking constantly from the shower towards the booth where she was standing, and when she turned her head toward the shower she observed the plaintiff looking at her while he held his erect penis in his right hand, sliding it back and forth in a stroking motion.

  The plaintiff alleges that his due process rights were thereafter violated by Legal Programs Director Trish Foster.  He asserts that under Foster's supervision over the disciplinary system, notice of the disciplinary charge should have been provided to him at least 24 hours prior to the hearing, and following the disciplinary hearing, he should have been provided with a written statement as to the evidence relied on and the reasons for the disciplinary action.  The

plaintiff further asserts that he should have had a hearing within 72 hours of placement in administrative segregation, and if not possible, then he should have been brought before the board, informed of the reasons for the delay, and remanded back to administrative segregation or released to his quarters after a date for a full hearing had been set.  He alleges that he was deprived of all of these rights.

The plaintiff further alleges that he went before the disciplinary board on December 29, 2014 and the members thereof, defendants Classification Officer Mary Anthony and Major Joseph Hooker, deprived him of his due process rights by not allowing him the right to procedures that meet constitutional due process standards.  More specifically, he asserts that Anthony and Hooker disregarded his right to notice, and did not record the entirety of the proceedings.  The plaintiff alleges the actions of Anthony and Hooker caused him to lose a substantive liberty interest created by Secretary James M. Leblanc when he promulgated the D.O.C. handbook, which provides a schedule of offenses and punishments, and nondiscretionary standards for determining whether or not an offender committed an offense.

The plaintiff asserts that Anthony and Hooker imposed an atypical and significant hardship upon him.  He alleges that as a result of the disciplinary punishment he received, he was sentenced to maximum security punitive segregation at Camp J at LSP, where he could not leave his cell, work, take classes or mingle with other inmates for 110 days.  Instead, he alleges that he remained in his cell except for one hour per day when he was permitted to exercise and shower in leg irons and waist chains.  The plaintiff further asserts that his due process and right to bodily privacy claims were ignored by Warden N. Burl Cain on appeal.

With respect to the plaintiff's procedural due process claims, an inmate does not have a constitutional right to have his prison disciplinary or administrative proceedings properly

investigated, handled, or favorably resolved. *Mahogany v. Miller,* 252 F.App'x. 593, 595 (5th Cir. 2007), and there is no procedural due process right inherent in such a claim. As stated by the United States Court of Appeal for the Fifth Circuit in *Geiger v. Jowers,* 404 F.3d 371 (5th Cir. 2005) (in the context of the handling of an administrative grievance):

> Insofar as [the plaintiff] seeks relief regarding an alleged violation of his due process rights resulting from the prison grievance procedures, the district court did not err in dismissing his claim as frivolous…[The plaintiff] does not have a federally protected liberty interest in having these grievances resolved to his satisfaction. As he relies on legally nonexistent interest, any alleged due process violation arising from the alleged failure to investigate his grievances is indisputably meritless.

*Id*. at 373-74. This conclusion is equally applicable in the context of prison disciplinary proceedings. *See, e.g., Sanchez v. Grounds,* 2014 WL 1049164, *2 (E.D. Tex. Mar. 14, 2014) (finding that an inmate's claim regarding a failure to conduct a "proper investigation" of a disciplinary charge "did not amount to a constitutional deprivation"); and *Jackson v. Mizell,* 2009 WL 1792774, *7 n.11 (E.D. La. June 23, 2009) (noting that "the Court fails to see how a prisoner could ever state a cognizable claim alleging an inadequate disciplinary investigation").

Further, the failure of prison officials to follow prison rules or regulations does not amount to a violation of the plaintiff's constitutional rights. *Jackson v. Cain*, 864 F.3d 1235, 1252 (5th Cir. 1989). Nor does this Court sit as some form of an appellate court to review errors made by state tribunals that do not affect an inmate's constitutional rights. *See, e.g., Coleman v. Director, TDCJ-CID,* 2009 WL 56947, *2 (E.D. Tex. Jan. 7, 2009) (noting, in the context of an inmate's habeas corpus proceeding arising out of a prison disciplinary proceeding, that "[i]n the course of reviewing state proceedings, a federal court does not sit as a super state appellate court.").

Moreover, in *Sandin v. Conner*, 515 U.S. 472 (1995), the Supreme Court noted that in some rare situations, an inmate may be entitled to procedural Due Process when state action exceeds the sentence in such an unexpected way as to give rise to protection by the Due Process Clause of its own force.  Normally, however, the Due Process Clause, itself, does not afford an inmate a protected liberty interest that would entitle him to the procedural protections set forth in *Wolff v. McDonnell*, 418 U.S. 539 (1974). It is only those restrictions that impose "atypical and significant hardship[s] ... in relation to the ordinary incidents of prison life" that will invoke the prospect of state-created liberty interests. *Wilkinson v. Austin*, 545 U.S. 209, 222–23 (2005).

Thus, while *Sandin* made it clear that punishments that impact upon the duration of confinement, or which exceed the sentence in an unexpected manner, or that impose "atypical and significant hardship[s] ... in relation to the ordinary incidents of prison life" will give rise to the protection afforded by the Due Process Clause, more routine disciplinary action will not invoke this constitutional protection. *Sandin,* 515 U.S. at 484.  In the instant case, the plaintiff was sentenced to a quarters change to a Camp J Management Level.  This punishment does not amount to disciplinary action that infringes upon a constitutionally protected liberty interest that would invoke the protection of the Due Process Clause of the Fourteenth Amendment.  *See Dickerson v. Cain,* 241 F.App'x. 193 (5th Cir. 2007) (holding that the plaintiff failed to show that placement in Camp J at LSP presents "an atypical or significant hardship beyond the ordinary incidents of prison life").  The plaintiff's claim here likewise fails to make such a showing.  Accordingly, the plaintiff's claim has no arguable basis in fact or in law, and should be dismissed as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A.

From a substantive due process standpoint, in order for a prison disciplinary decision to pass constitutional muster, there must only be "some facts" or a "modicum of evidence" to

support the finding that the inmate committed the offenses in question. *Superintendent, Mass. Corr. Inst., Walpole v. Hill,* 472 U.S. 445, 455–56 (1985). Thus, "[p]rison disciplinary proceedings will be overturned only where there is no evidence whatsoever to support the decision of the prison officials." *Washington v. Parker,* 53 F.3d 1282, *3 (5th Cir. 1995) (internal quotation marks omitted). The "some evidence" standard is extremely deferential, *Morgan v. Dretke,* 433 F.3d 455, 458 (5th Cir. 2005), and "[a]scertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses or weighing of the evidence." *Washington v. Parker, supra, quoting Superintendent, Mass. Corr. Inst. Walpole v. Hill, supra,* 472 U.S. at 455. The relevant question is "whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id.* Indeed, even where there is no direct evidence and the existing evidence is "meager," the board's decision must be upheld so long as there is "some evidence" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. Walpole v. Hill, supra,* 472 U.S. at 457.

In the instant case, it appears that there was in fact "some evidence" to support the finding of guilt in connection with the referenced disciplinary charge and punishment. The charging officer's report alone was sufficient under the "some evidence" standard to support the disciplinary decision, and the plaintiff does not dispute the factual assertions made therein. *See Hudson v. Johnson,* 242 F.3d 534, 537 (5th Cir.2001). Accordingly, the Court finds that there was "some" evidence, sufficient to support the finding of guilt in connection with the referenced violation, and the plaintiff's claim in this regard should be rejected.

With respect to the plaintiff's bodily privacy claim, a prisoner has a minimal right to bodily privacy. *Oliver v. Scott,* 276 F.3d 736, 741 (5th Cir. 2002). However, a regulation impinging on an inmate's constitutional right is valid if it is reasonably related to legitimate

penological interests. *Turner v. Safely,* 482 U.S. 78, 89 (1987).  The United States Fifth Circuit Court of Appeals has held that there is a reasonable relation between cross-sex monitoring policies and the legitimate penological interests of prison safety and equal employment opportunity.  *Oliver,* 276 F.3d at 743-47.  The same conclusion was previously reached in an unpublished opinion,[1] and the position has been subsequently followed.[2]  Accordingly, the plaintiff's claims have no arguable basis in fact or in law, and the complaint should be dismissed as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A.

## RECOMMENDATION

It is recommended that the plaintiff's action be dismissed, with prejudice, as legally frivolous, and for failure to state a claim upon which relief may be granted[3] pursuant to 28 U.S.C. §§ 1915(e) and 1915A.

Signed in Baton Rouge, Louisiana, on October 1, 2015.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] See *Barnett v. Collins,* 940 F.2d 1530 (5th Cir. 1991) (table) (unpublished) (upholding use of female guards in guard towers giving full view of male inmates taking showers).
[2] *See, e.g., Mitchell v. Quarterman,* 515 Fed.Appx. 244, 246 (5th Cir. 2012) (unpublished), and *Garrett v. Thaler,* 560 Fed.Appx. 375, 380-81 (5th Cir. 2014) (unpublished).
[3] The plaintiff is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."